UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

TYRONE WOODARD,              )
                             )
    Plaintiff,              )
                             )
v.                           )    Case No.: 5:20-CV-602
                             )
ABM AVIATION, INCORPORATED   )
d/b/a ABM AIRPORT SERVICES,  )
                             )
    Defendant.              )
_____/

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, TYRONE WOODARD ("Plaintiff" or "Woodard"), and files his Complaint against Defendant, ABM AVIATION INCORPORATED d/b/a ABM AIRPORT SERVICES, ("Defendant" or "ABM"), and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation for Plaintiff's lawful exercise of his rights under the FMLA and unlawful discrimination and harassment against Plaintiff due to his disability leading to his unlawful termination.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

1

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff, Woodard, is a citizen of the United States, and is and was at all times material, a resident of the state of North Carolina.

6. Defendant, ABM, is a foreign for-profit corporation with its principal office in Sugarland, Texas.

7. Defendant does business and Plaintiff worked for Defendant in this District at Defendant's 2400 John Brantley Blvd, Morrisville, NC 27560 location.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On February 17, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within one hundred eighty days after the alleged unlawful employment practices occurred.

12. On September 8, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety days of the EEOC's issuance of the Dismissal and Notice of Rights.

## FACTS

14. Plaintiff was employed by Defendant in a full-time capacity for approximately one year and seven months. At the time of his termination, Plaintiff held the position of Custodial Worker.

15. Plaintiff worked for Defendant at 2400 John Brantley Blvd, Morrisville, NC 27560.

16. Plaintiff is a disabled male.

17. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

18. At all times material, Plaintiff was able to perform the essential functions of his job with or without accommodations.

19. On or about September 13, 2019, Plaintiff suffered a stroke.

20. Subsequently, Plaintiff's wife contacted Monica Woodlief, Account Manager, to notify Defendant of Plaintiff's condition and request a medical leave of absence on his behalf.

21. At all times relevant Plaintiff was a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

22. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

23. Ms. Woodlief informed Plaintiff's wife that FMLA forms would be sent to Plaintiff. However, to discourage Plaintiff from availing himself of FMLA, Defendant failed to send the FMLA to Plaintiff until weeks later.

24. After receiving the delayed forms, Plaintiff submitted the completed FMLA forms to Ms. Woodlief on or about October 10, 2019.

25. Plaintiff began his FMLA leave.

26. Shortly thereafter, Ms. Woodley informed Plaintiff his FMLA had been approved.

27. In early November 2019, Plaintiff received a letter from Defendant stating his insurance benefits had been terminated as of September 30, 2019.

28. When Plaintiff inquired as to why his insurance had been cancelled, Ms. Woodlief informed Plaintiff his employment had been terminated.

29. Plaintiff repeatedly contacted Defendant's Corporate Human Resources office for answers as to why he had been terminated while on FMLA, but he was not provided an answer.

30. As a result of Plaintiff's termination, Plaintiff was unable to seek medical treatment following his stroke.

31. Plaintiff was due to see his neurologist in October 2019 for a necessary follow up appointment but was unable to be treated because Defendant cancelled his insurance coverage.

32. Additionally, without insurance Plaintiff was unable to afford all his medication and was forced to pick and choose what medication to take based on what he could afford without insurance.

33. Due to the lack of proper medical care following his stroke, Plaintiff became wheelchair bound.

34. Months after Plaintiff's termination, Defendant reinstated Plaintiff's medical insurance in response to the letter of representation sent by the undersigned counsel and Plaintiff's EEOC charge filing.

35. However, Plaintiff had already suffered irreparable physical harm due to the months without medical care.

36. Plaintiff has been damaged by Defendant's illegal conduct.

37. Plaintiff has had to retain the services of the undersigned counsel and has agree to pay said counsel reasonable attorney's fees.

## Count I:
## Retaliation in Violation of the FMLA

38. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-37 above.

39. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

40. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

41. Plaintiff exercised or attempted to exercise his rights under the FMLA.

42. Defendant retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

43. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

44. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## Count II:
## Interference in Violation of the FMLA

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

46. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

47. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

48. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

49. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

50. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

51. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## Count III:
## Disability Discrimination in Violation of the ADA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

53. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

54. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

55. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

56. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

57. Defendant intentionally discriminated against Plaintiff on the basis of his disability.

58. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

59. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
### Retaliation in Violation of the ADA

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

61. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating his employment.

62. Defendant's conduct violates the ADA.

63. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

64. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling him to compensatory damages.

65. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
North Carolina Bar # 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*